10/17/2016 12:25:49 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13270857
By: Bonisha Evans
Filed: 10/17/2016 12:25:49 PM

CAUSE NO. _____

| | | |
|---|---|---|
| DOMINIQUE MYLES; | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| ROBERT MARKHAM; RENTAL CAR FINANCE CORP; AND THE HERTZ CORPORATION; | § § § § § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION AND REQUEST FOR PRIVILEGE LOG TO DEFENDANTS**

Plaintiff Dominique Myles files Plaintiff's Original Petition complaining of Defendants Robert Markham, Rental Car Finance Corp, and The Hertz Corporation.

## I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000. The amount of monetary relief actually


EXHIBIT C

awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III. PARTIES

Plaintiff Dominique Myles is an individual resident of Houston, Harris County, Texas. Her driver's license number is *****082 and her social security number is ***-**-*681.

Defendant Robert Markham is an individual resident of Naperville, DuPage County, Illinois and may be served with process at 235 Waxwing Avenue, Naperville, IL 60565.

Defendant Rental Car Finance Corp. is a corporation doing business in the State of Texas and may be served with process by serving its registered agent for service C T Corporation System at 1999 Bryan Street #900, Dallas, TX 75201.

Defendant The Hertz Corporation is a corporation doing business in the State of Texas and and may be served with process by serving its registered agent for service C T Corporation System at 1999 Bryan Street #900, Dallas, TX 75201

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Harris County, Texas. Venue therefore is

proper in Harris County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V. FACTS

This lawsuit arises out of a motor vehicle collision that occurred on Tuesday, August 11, 2015 at or near the intersection of 8500 Kirby Drive and service road of 2200 South Loop W (US 610) within the city limits of Houston, Harris County, Texas. Plaintiff Dominique Myles was operating her vehicle on the 8500 block of Kirby Drive traveling northbound. Defendant Robert Markham was operating a vehicle he leased from Defendants Rental Car Finance Corp. and/or The Hertz Corporation on the service road of 2200 South Loop W (US 610) traveling westbound. Defendant Robert Markham had a red light at the intersection of 8500 Kirby Drive and service road of 2200 South Loop W (US 610). Defendant Robert Markham failed to stop at the red light and collided hard into the passenger's side of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE – DEFENDANT ROBERT MARKHAM

At the time of the motor vehicle collision, Defendant, Robert Markham, was operating his vehicle negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

2. Defendant failed to stop at a red light;

3. Defendant failed to yield the right-of-way in violation of Texas Transportation Code Section 545.151;

4. Defendant entered the intersection when it was unsafe to do so;

5. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

6. Defendant failed to timely apply the brakes of his vehicle in order to avoid the collision in question; and

7. Defendant failed to turn his vehicle in an effort to avoid the collision.

**B.   NEGLIGENCE PER SE – DEFENDANT ROBERT MARKHAM**

Defendant Robert Markham's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code 544.007. Plaintiff was a member of the class that Texas Transportation Code 544.007 was designed to protect. Defendant's unexcused breach of the duty to imposed by Texas Transportation Code 544.007 proximately caused damages described herein.

**C.   NEGLIGENT ENTRUSTMENT – DEFENDANT RENTAL CAR FINANCE CORP. AND THE HERTZ CORPORATION**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendants Rental Car Finance Corp. and The Hertz Corporation were the owner of the vehicle driven by Defendant Robert Markham . Defendants Rental Car Finance Corp. and The Hertz Corporation entrusted the vehicle to Defendant Robert Markham . Defendant Robert Markham was incompetent and/or reckless and Defendants Rental Car Finance Corp. and The Hertz Corporation knew or should have known that Defendant

Robert Markham was incompetent and/or reckless. Defendant Robert Markham's negligence on the occasion in question proximately caused the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently th injuries and damages of Plaintiff.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a. Medical expenses in the past and future;

b. Lost wages in the past and loss of earning capacity in the future;

c. Property damage and loss of use of Plaintiff's vehicle;

d. Physical pain and suffering in the past and future;

e. Mental anguish in the past and future; and

f. Physical impairment in the past and future.

## VIII. REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## IX. DISCOVERY DOCUMENTS

Contemporaneously with this petition, Plaintiff serves to Defendants Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production and Request for Privilege Log to Defendants.

## X. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## XI. JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## XII. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XIII. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2. Plaintiff's future medical expenses;

3. Plaintiff's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

6. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

7. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

8. Interest on the judgment at the legal rate from the date of judgment;

9. Pre-judgment interest on Plaintiff's damages as allowed by law;

10. All costs of court; and

11. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**

BY: /s/ *Jonathan T. Harris*
**JONATHAN T. HARRIS**
State Bar No. 24007323
jonathan.harris@ewlawyers.com
**AMY K. WITHERITE**
State Bar No. 00788698
amy.witherite@ewlawyers.com
1415 N. Loop W., Suite 600
Houston, Texas 77008
713/861-1101
713/861-1105 (fax)

**ATTORNEYS FOR PLAINTIFF**